26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose SANCHEZ, Defendant-Appellant.
 No. 93-10156.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1994.
Decided May 26, 1994.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Sanchez ("Appellant") appeals on a number of grounds his conviction and sentence of 121 months for engaging in a conspiracy to possess with intent to distribute or to distribute a controlled substance in violation of 21 U.S.C. Sec. 846. We have jurisdiction under 18 U.S.C. Sec. 1291 and 28 U.S.C. Sec. 3742. We affirm.
 
 I.
 
 3
 Appellant was charged with one count of a conspiracy to distribute and to possess with intent to distribute cocaine. He contends that, as a matter of the plain language of 21 U.S.C. Sec. 846, the charging of such a multiple-object conspiracy is impermissible, and therefore, that his conviction must be reversed. We reject this argument. In United States v. Peacock, 761 F.2d 1313 (9th Cir.), cert. denied, 474 U.S. 847 (1985), we held that failure to charge a multiple-object conspiracy under section 846 in one count would be multiplicitous, see id. at 1319. It was a necessary premise of Peacock that charging a multiple object conspiracy under the statute was permissible. Moreover, numerous other courts have found permissible the charging of multiple object conspiracies under section 846. See, e.g., United States v. Irvin, 2 F.3d 72, 74-75 (4th Cir.1993), cert. denied, 127 L.Ed.2d 401 (1994); United States v. Stanberry, 963 F.2d 1323, 1325 (10th Cir.1992).
 
 
 4
 Appellant next contends that even if it was proper to charge a multiple-object conspiracy, a new trial is necessary because the jury was not asked to specify through special interrogatories what they found to constitute the object of the conspiracy or the extent of Appellant's participation in the conspiracy. This argument also is without merit. The sentencing guidelines contemplate that the judge will make the findings relevant to sentencing, see United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992); U.S.S.G. Sec. 6A1.3, including the facts relevant to a multiple-object conspiracy, see, e.g., United States v. Castaneda, 16 F.3d 1504, 1512-1513 (9th Cir.1994) (multiple-object conspiracy under 18 U.S.C. Sec. 371); see also Irvin, 2 F.3d at 74-76 (multiple-object conspiracy under 21 U.S.C. Sec. 846). Therefore, special interrogatories are not required. See United States v. Castaneda, 9 F.3d 761, 769-70 (9th Cir.1993).
 
 II.
 
 5
 Appellant additionally maintains that, because the court did not specify which offense was the object of the conspiracy and the amount of drugs that were in furtherance of that specific offense, it was improper to impose a 10-year mandatory minimum. We reject this argument. As discussed below, the evidence in the record supports the district court's determination that Appellant personally was responsible for 14 kilograms of cocaine. Moreover, whether the object of the conspiracy was "possession with intent to distribute" or "distribution," Appellant's personal handling of each of these kilograms supports the conclusion that all 14 kilograms " 'fell within the scope of [Appellant's] particular agreement with the conspirators.' " Castaneda, 9 F.3d at 770 (quoting United States v. Petty, 992 F.2d 887, 890 (9th Cir.1993) (emphasis omitted)). Accordingly, any error committed by the district court in failing to specify the object of the conspiracy was harmless. See Castaneda, 9 F.3d at 770 (finding the district court's refusal to determine the quantity of drugs involved for imposing the mandatory minimums when the evidence supported the quantity charged in the indictment (citing Williams v. United States, 112 S.Ct. 1112, 1121 (1992))).
 
 III.
 
 6
 In sentencing Sanchez, the court rejected the Presentence Report's ("PSR") conclusion that Sanchez was responsible for 20 kilograms of cocaine, and found that the appropriate quantity was 14 kilograms. Appellant contends that the 14 kilograms finding is not supported by the record. The sentencing court's factual determinations are reviewed for clear error and its interpretation of the sentencing guidelines are reviewed de novo. Castaneda, 9 F.3d at 769 (citing United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990)). Under the then-prevailing guidelines, whether Appellant was found to be involved in a conspiracy to engage in either charged object or both, the base offense level should have been calculated based upon "the quantity of drugs which he reasonable foresaw or was within the scope of his particular agreement with the conspirators." Id. (internal quotations omitted); U.S.S.G. Secs. 2D1.4 & cmt. 1, 1B1.3, 3D1.2(d) (1988).
 
 
 7
 The district court did not provide an analysis for how it arrived at the 14 kilogram figure. However, evidence in the record supports its conclusions. The district court could have found that Appellant and Gonzalez, who testified at trial, made six trips to Los Angeles for Martel Chavez, and that on each trip two kilograms of cocaine was involved. In addition, Gonzalez testified that, on two other occasions, she participated with Sanchez in the unloading of approximately two kilograms of cocaine supplied by Larios Mendoza. These facts were proven by a preponderance of the evidence. See United States v. Restrepo, 946 F.2d 654, 655-57 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). Although they suggest that 16 kilograms of narcotics was involved, the judge, on the basis of Gonzalez's testimony that she participated in the unloading of the cocaine from Larios "maybe twice" and that "[a]bout two" kilograms of cocaine was involved in each unloading, reasonably could have arrived at the 14 kilogram figure. Moreover, any error was harmless because the record supports the 16 kilogram determination. See Castaneda, 9 F.3d at 770-71. Accordingly, we reject Appellant's argument.
 
 IV.
 
 8
 Appellant also contends that the district court violated 18 U.S.C. Sec. 3552(d) by failing to provide him with a copy of the PSR at least 10 days prior to sentencing. Even assuming that Appellant did not receive a copy of the report in a timely manner, there is no evidence of prejudice. See United States v. Turner, 898 F.2d 705, 714 (9th Cir.), cert. denied, 495 U.S. 962 (1990). Appellant's attorney indicated at sentencing that he had read the report's contents to Appellant over the phone. Moreover, after this fact was disclosed, the judge took a recess to permit counsel to review the report with Appellant. Therefore, it appears that there was adequate opportunity to review the report. Finally, the only argument that Appellant claims that he would have made to the judge if he had received the report earlier is that the 14 kilogram determination was erroneous. However, as discussed above, we do not find clear error in that finding. Accordingly, no prejudice has been demonstrated, and therefore, we reject Appellant's argument.
 
 V.
 
 9
 At sentencing, when Appellant asked to review the transcript of the proceedings, the district judge denied this request, stating that "[n]either of us has a transcript of the proceedings and the law does not provide that either you or the Court receives a transcript of the trial testimony before sentencing." ER at 15. The judge, however, then stated that he believed that only 14 kilograms of cocaine was involved based upon "the facts and the transcript of proceedings in the matter." ER at 18 (emphasis added). Appellant contends that the court's reliance on the transcript after denying him review of it amounted to a denial of due process.
 
 
 10
 Appellant, however, has failed to allege any prejudice flowing from the judge's conduct. Moreover, counsel for Appellant Chavez prepared objections to the presentence report and quoted extensively from the testimony of Gonzalez. See CR 131. It is almost certainly this excerpt of the transcript that the district judge referred to in reducing the quantity of drugs involved because Chavez's counsel recommended reducing the quantity involved from 20 kilograms to 14. Id. Because Appellant has not alleged that the court considered "improper, inaccurate, or mistaken information ... in imposing [the] sentence," United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992), his constitutional argument must fail.
 
 VI.
 
 11
 For reasons stated above, Appellant's conviction and sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3