37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant-Cross Appellee,
v.
Barbara M. PEARSON, Defendant-Appellee-Cross Appellant.
 Nos. 93-30255, 93-30262.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1994.
Decided Oct. 14, 1994.
 
 1
 Before: TANG and WIGGINS, Circuit Judges, and HENDERSON*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The United States appeals a judgment of the district court sentencing defendant Barbara Pearson to 70 months imprisonment, contending that the district court failed to determine relevant conduct pursuant to U.S.S.G. Sec. 1B1.3(a)(1). Defendant Barbara Pearson appeals the district court's failure to depart downward despite evidence of post traumatic stress disorder and battered women's syndrome. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742(3). We affirm in part and dismiss in part.
 
 FACTS AND PRIOR PROCEEDINGS
 
 4
 In September 1991 law enforcement agencies received informant information regarding an organization headed by Russell Pearson, which involved the manufacture, possession and distribution of marijuana. Investigators learned that Russell Pearson, along with his wife Barbara Pearson and others, had been growing marijuana for profit at several locations since 1986. On February 20, 1992, an indictment was returned in the District of Oregon alleging that between July 1, 1990, and February 19, 1992, Russell Pearson, Barbara Pearson, Patrick Shorb, Roderic Davis and Jimmy Allen Pearson conspired to manufacture and possess with intent to distribute marijuana. The indictment further alleged that the amount of marijuana exceeded 1,000 plants.
 
 
 5
 On April 30, 1992, the government issued a 29 count superseding indictment charging that between January 1, 1988, and April 3, 1992, Russell Pearson, Barbara Pearson, Patrick Shorb, Roderic Davis and David Falkoski conspired to manufacture and possess with intent to distribute marijuana. This indictment did not specify the particular number of plants but contained substantive accusations against the respective defendants. On May 22, 1992, the government filed notices of enhanced penalties against all five named defendants, seeking mandatory minimum ten year sentences.
 
 
 6
 The government reached a cooperation agreement with Patrick Shorb and a plea agreement with David Falkoski, and these two individuals were dropped from a second superseding indictment filed on July 29, 1992. This third indictment alleged that between December 10, 1986 and April 3, 1992, Russell Pearson, Barbara Pearson and Roderic Davis conspired to manufacture and possess with intent to distribute marijuana. This indictment also alleged 18 other substantive and forfeiture counts against the various defendants.
 
 
 7
 As the time for Barbara Pearson's trial approached, the government secured another indictment against her, for money laundering. On February 22, 1993, on the eve of trial, Barbara Pearson pled guilty to one count of conspiracy to manufacture and possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1), and one count of money laundering, in violation of 18 U.S.C. Sec. 1956. In exchange for her guilty plea, the government agreed to dismiss all remaining charges against her. The government also agreed that the ultimate sentencing range would not exceed 78-96 months. The government did not contest defendant's assertion that she was a minor participant, and the court so found this as a fact.
 
 
 8
 The presentence report indicated that Barbara Pearson actively participated in growing marijuana with her husband, but did not hold her accountable for the same quantities. She was held accountable for 129 plants seized at her residence on March 5, 1988, and for 711 plants seized at two locations during searches on April 3, 1992, yielding a total of 840 plants. The government's submissions set a plant count at 2,260. This number was based on co-conspirator Patrick Shorb's estimate of the number of plants at other locations.
 
 
 9
 On June 2, 1993, the district court, Chief Judge James A. Redden presiding, conducted a sentencing hearing and concluded that a sentence of 70 months imprisonment was appropriate under the sentencing guidelines.[1] Over the government's objections, the district court considered only the 840 marijuana plants seized, finding those seizures to adequately reflect the scale of the offense. The district court also heard testimony bearing on duress and defendant's mental state during the offense, but did not grant a downward departure. Barbara Pearson is currently serving her sentence at a federal correctional facility in Phoenix, Arizona.
 
 DISCUSSION
 I. Government's Appeal
 
 10
 The government appeals the sentence defendant received, contending that the district court failed to determine defendant's relevant conduct pursuant to U.S.S.G. Sec. 1B1.3(a)(1). We review a district court's interpretation of the sentencing guidelines de novo and its factual findings for clear error. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990).
 
 
 11
 Under U.S.S.G. Sec. 1B1.3, the sentencing court is to sentence a defendant for relevant conduct within the scope of the defendant's agreement that was reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake. United States v. Navarro, 979 F.2d 786, 788-89 (9th Cir.1992). The sentencing court applies a preponderance of the evidence standard in determining relevant sentencing facts. United States v. Restrepo, 946 F.2d 654, 655 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). The government has the burden of proving all facts relevant to establishing the base offense level. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 12
 The additional plants for which the government sought to hold defendant accountable were: (1) 1,359 plants at 23882 S. Ridge Road in Beavercreek; and (2) 110 plants at 9044 N.E. Wygant Street in Portland. The presentence writer noted that the government's sole evidence for these plants was the statement of co-conspirator Patrick Shorb, and refused to attribute any of the additional plants to Barbara Pearson for that reason.
 
 
 13
 The sentencing guidelines permit a judge to consider only reliable evidence. "In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. Policy Statement Sec. 6A.1(3)(a). Further, we "must give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(e).
 
 
 14
 It is apparent that the trial judge, weighing the credibility of Patrick Shorb, determined that the information he provided did not have sufficient indicia of reliability to support its probable accuracy. To sentence Barbara Pearson on the basis of all the plants the government submitted, the district court had to find that the government had met its burden with regard to each plant. The government did not show by a preponderance of evidence that the plants Shorb identified should be considered part of Barbara Pearson's relevant conduct. "Under the clearly erroneous standard, we will not reject the district court's factual findings unless we are 'left with the definite and firm conviction that a mistake has been made.' " United States v. Zavala-Serra, 853 F.2d 1512, 1515 (9th Cir.1988), citing United States v. McConney, 728 F.2d 1195, 1202 (9th Cir.) (en banc) (McConney ), cert. denied, 469 U.S. 824, quoting Pullman-Standard v. Swint, 456 U.S. 273, 284-85 n. 14 (1982). We have no such conviction in this case and therefore hold that the district court did not clearly err in determining defendant's relevant conduct to only involve the plants actually seized.
 
 
 15
 The government also contends that the trial judge committed legal error in relying on U.S.S.G. Sec. 2D1.1, Application Note 12, and not U.S.S.G. Sec. 1B1.3(a)(1), to determine the scope of defendant's relevant conduct. Note 12 states that "where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." At the sentencing hearing, the district court cited Note 12, and then stated that this was a case where the plants actually seized did reflect the scale of the offense, so that there was no need to approximate the quantity of marijuana for which defendant was to be held responsible. Contrary to the government's claim, the trial judge's citation of Note 12 is not synonymous with a failure to determine relevant conduct pursuant to Sec. 1B1.3(a)(1). The trial judge did not find the evidence presented by the government as to the plants described only by Shorb sufficiently credible to consider them relevant conduct.
 
 
 16
 The government also contends that the district court erred in failing to impose a mandatory minimum sentence of 120 months pursuant to 21 U.S.C. Sec. 841(b)(1)(A)(vii), as would be required if Barbara Pearson were held accountable for 1,000 plants. As stated above, the trial judge found that the quantity of drugs attributable to Barbara Pearson did not meet this number of plants. See United States v. Castaneda, 9 F.3d 761, 771 (9th Cir.1993) (trial court is to determine whether amount of drugs attributable to defendant falls below amount that would trigger the statutory minimum).
 
 
 17
 The district court did not err in determining defendant's relevant conduct.
 
 II. Defendant's Appeal
 
 18
 Defendant Barbara Pearson appeals from the sentence she received, contending that the district court failed to appropriately consider evidence that she suffered from "battered women's syndrome," and posttraumatic stress disorder, which would have supported her request for a downward departure. This issue is not appealable, and we dismiss this appeal.
 
 
 19
 Prior to sentencing, Pearson asked the district court to make a downward departure from the sentencing guidelines based on her abusive relationship with her husband, Russell Pearson, who the government agreed was the "kingpin" of the marijuana conspiracy. At the sentencing hearing the district court heard evidence as to defendant's mental state and battered women's syndrome. After hearing this evidence, the district court stated that, while Barbara Pearson clearly was a battered woman, a departure was not warranted.
 
 
 20
 A district court's discretionary decision not to depart from the guideline range is not reviewable on appeal. United States v. Garcia-Garcia, 927 F.2d 489, 490-491 (9th Cir.1991); United States v. Sanchez, 914 F.2d 1355, 1363-64 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991). The appellant, citing United States v. Johnson, 956 F.2d 894 (9th Cir.1992), correctly notes that battered women's syndrome is a valid ground for a discretionary downward departure from the guidelines. In Johnson, we vacated the sentences of several defendants because the district court did not appear to be aware that it could depart downward on the basis of an incomplete duress defense. Johnson, 956 F.2d at 901, 903.
 
 
 21
 In this case, unlike Johnson, there is no indication that the district court erroneously believed that it lacked the authority to depart. We conclude that Pearson's sentence is therefore not appealable.
 
 CONCLUSION
 
 22
 For the foregoing reasons, we affirm defendant's sentence. The district court did not err in determining defendant's relevant conduct pursuant to U.S.S.G. Sec. 1B1.3(a)(1). The district court's discretionary decision not to depart from the guideline range is not reviewable, and we dismiss defendant's appeal.
 
 
 23
 AFFIRMED in part and DISMISSED in part.
 
 
 
 *
 Honorable Thelton E. Henderson, Chief District Judge, for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendant received a 70 month concurrent sentence for money laundering, which is not challenged on appeal