**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bernardo Louisiano NAVARRO,**
**Defendant–Appellant.**

**No. 91–30275.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 1992.[*]

Decided Nov. 16, 1992.

As Amended Dec. 31, 1992.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); Ninth Circuit Rule 34–4.

James E. Egan, Kennewick, Wash., for defendant-appellant.

Gregory M. Shogren, Asst. U.S. Atty., Yakima, Wash., for plaintiff-appellee.

Before: WRIGHT, HUG and POOLE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Bernardo Louisiano Navarro, serving 63 months for his involvement in a conspiracy to distribute cocaine and heroin, seeks resentencing. He argues that drugs sold after the end of his participation in the conspiracy were improperly used in calculating his sentence. The question presented by his appeal is whether the district court erred in its application of the Sentencing Guidelines by failing to make a factual determination of relevant sentencing factors. We hold that it did and remand for resentencing.

I

DEA agents and a confidential informant conducted an undercover investigation of drug trafficking by members of the Medina–Lopez family at the Race Track Tavern in Yakima, Washington. Six defendants, including Navarro, were named in the resulting nine-count indictment. A jury convicted Navarro on three counts: conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 (1988), distribution of two grams of heroin in violation of 21 U.S.C. § 841(a)(1) (1988) and using a communication facility (a telephone) to facilitate the commission of a felony in violation of 21 U.S.C. § 843(b) (1988). The remaining counts were substantive charges alleging narcotics distribution by Navarro's co-conspirators.

The agents documented five transactions during their investigation. Navarro participated in the first, selling two grams of heroin to the confidential informant after a telephone conversation. This transaction was the basis for the charges against Navarro.

The other defendants were involved in four more transactions during the next four months. Navarro was not present during any of them. His only other contact with the investigation was a chance meeting with the informant in another tavern two months after the first sale. Navarro told the informant that, although he no longer worked for the Medina–Lopez family, he could sell the informant a large amount of heroin. Another meeting at the Race Track Tavern followed, but negotiations ended when Navarro did not produce any heroin, either for sale or as a sample. This sequence of events was not included in the indictment.

The court based Navarro's sentence on the findings of the presentence report. The report used a quantity factor of 102.33 grams of heroin, the total amount of drugs involved in the five transactions, to set Navarro's base offense level at 26, with a sentencing range of 63–78 months. The court sentenced him to 63 months each for the conspiracy and distribution counts and to the 48–month statutory maximum for

the facilitation count, to be served concurrently. He timely appeals. We have jurisdiction under 28 U.S.C. § 1291.

## II

### A. Sentence Calculation

■ A district court's interpretation and application of the Guidelines is reviewed *de novo. United States v. Blaize*, 959 F.2d 850, 851 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992).

Sentencing Guideline § 2D1.4 governs sentencing for conspiracy to distribute controlled substances. *Guidelines Manual*, § 2D1.4 (Nov.1991) ("U.S.S.G."). When a defendant is convicted of a trafficking conspiracy that includes transactions other than those which produced a substantive conviction, "each conspiracy transaction shall be included with those of the substantive counts of conviction to determine scale." *Id.*, comment. (n.1). This instruction, however, is qualified: a court must use Application Note 1 to § 1B1.3 to determine relevant conduct. *Id.* Note 1 to § 1B1.3 states that

> [b]ecause a count may be broadly worded and include the conduct of many participants over a substantial period of time, the scope of the jointly-undertaken criminal activity, and hence relevant conduct, is not necessarily the same for every participant. Where it is established that the conduct was neither within the scope of the defendant's agreement, nor was reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake, such conduct is not included in establishing the defendant's offense level under this guideline.

U.S.S.G. § 1B1.3, comment. (n.1). This Guideline "places a limit on the conduct undertaken by others for which a defendant may be held accountable." *United States v. Johnson*, 956 F.2d 894, 906 (9th Cir.1992) (acts of co-conspirators after defendant's incarceration not foreseeable by defendant for sentencing purposes). For example, under the note to § 1B1.3, one hired to perform acts in furtherance of a single drug transaction in an ongoing conspiracy is guilty of conspiracy. However, that person is not necessarily culpable for all of the drugs attributable to the conspiracy. U.S.S.G. § 1B1.3, comment. (n.1) (illustration e).

■ The sentencing court applies a preponderance of the evidence standard in determining relevant sentencing facts. *United States v. Restrepo*, 946 F.2d 654, 655–57 (9th Cir.1991) (en banc), *cert. denied*, —— U.S. ——, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992). The government bears the burden of proving any fact necessary to establish the base offense level. *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990). To sentence Navarro on the basis of all the drugs sold, the court had to find that the government had met this burden with regard to each transaction.

■ At the sentencing hearing, Navarro argued that there was no contradiction of his contention that he had stopped working for the conspiracy shortly after the first transaction. The court responded by observing that

> a jury has ... determined that this conspiracy existed during the time alleged in the Indictment and was entitled to do so from the abundant evidence of its operation.

> The various claims and statements of those members of the conspiracy at different times as to who was involved with whom notwithstanding, it is clear that at this tavern, there was in operation a number of individuals who had to know one another, had to be involved with one another, and had to have mutually assisted the distribution of drugs; and the Court adopts that finding by the jury.

The jury's determination of guilt and the court's determination of relevant sentencing factors are separate undertakings. Before sentencing, the court should have determined the amount of drugs involved in the conspiracy attributable to Navarro. The jury did not decide that question. To find Navarro guilty of conspiracy, the jury needed only to find beyond a reasonable doubt that he had agreed to commit a crime and had committed, with requisite intent to

complete the crime, one overt act in furtherance of that goal. *See United States v. Melchor–Lopez,* 627 F.2d 886, 890 (9th Cir.1980). Finding that Navarro had sold two grams of heroin on October 17 satisfied that requirement.

The court also relied on the factual findings and Guideline application of the presentence report. The report said that, in addition to the two grams Navarro sold, all other sales which occurred during the course of the conspiracy should be used in calculating Navarro's offense level. The report offered no rationale for this conclusion, nor did it mention section 1B1.3 of the Guidelines.

■ The court may adopt the factual findings of the presentence report. *United States v. Rigby,* 896 F.2d 392, 394 (9th Cir.1990). It may not, however, adopt conclusory statements unsupported by facts or the Guidelines. *See United States v. Chavez–Gutierrez,* 961 F.2d 1476, 1480–81 (9th Cir.1992). In *Chavez–Gutierrez,* we vacated the defendant's sentence for aiding and abetting the distribution of cocaine because it was based partly on conduct for which the sentencing court did not find him responsible. *Id.* at 1481. We held that the district court had to make express findings that Chavez–Gutierrez had been accountable for each transaction that affected the determination of his sentence. *Id.* at 1481–82. Central to that holding was our finding that the presentence report had not provided facts demonstrating his involvement in the other transactions.

Here, the uncontroverted evidence in the record supports the conclusion that Navarro had nothing to do with the conspiracy after the initial sale, except for an accidental meeting with the informant two months later that led Navarro to discuss an independent deal which the court at sentencing acknowledged was highly improbable:

> The Court is persuaded, again by hearing the evidence in the case offered in two trials and in reviewing the resume of that—the detailed resume of that in the Presentence Report—that of all the defendants involved, you [Navarro] were one of those least culpable; that you had visions of grandeur about trafficking in drugs when you were, if fact, one of those who was least capable of producing lots or large amounts that you talked about.

Even so, the court continued:

> You were nonetheless involved in the middle of this matter, and accordingly, the Court remands you to the custody of the Attorney General on Count 1 for a period of 63 months ... [on] Count 2, a period of 63 months, to run concurrently ...[1]

These statements demonstrate that the court did not make the factual determination required by the Guidelines.

Navarro also raises two other issues to be addressed. He argues that the district court erred in refusing to accept his untimely response to the presentence report, and that the court should have instructed the jury on the defense of withdrawal.

## B. *Objection to the Presentence Report*

■ The district court refused Navarro's written objections to the presentence report because they were submitted 21 days late, in violation of a court-ordered schedule. Any error resulting from this ruling was cured when the court allowed Navarro to argue his objections orally at the sentencing hearing.

---

1. The court sentenced Navarro to 63 months for the substantive charge, even though only two grams of heroin was alleged in the indictment. Sentencing Guideline § 2D1.1, which governs sentencing for violations of 21 U.S.C. 841(a)(1), directs the sentencing court to Guideline § 1B1.3(a)(2) to determine relevant conduct. To use an offense for which the defendant was not convicted in determining the base offense level under § 1B1.3(a)(2), the government must prove by a preponderance that either (1) the defendant personally participated in the offense or (2) the offense was in furtherance of the execution of a "jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." *United States v. Sanchez,* 967 F.2d 1383, 1384–85 (9th Cir.1992). The second factor parallels the test for relevant conduct for conspiracy sentencing. If Navarro's sentence for the conspiracy charge is lessened, then the sentence for the substantive charge must also be changed.

### C. *Instruction on Withdrawal*

At trial Navarro unsuccessfully requested a jury instruction on withdrawal from the conspiracy, based on his contention that he was not involved in the later transactions. A defendant's "purported withdrawal after overt acts ha[ve] been performed" is "too late to provide a defense to a charge of conspiracy." *United States v. Loya*, 807 F.2d 1483, 1493 (9th Cir.1987). Navarro admits that he sold the two grams of heroin. He was not entitled to a withdrawal instruction. Refusing one was not erroneous.

In cases such as this, the extent of a defendant's participation in a conspiracy is relevant both at trial and at sentencing. Once again, though, we must distinguish between a jury's determination of guilt and the court's determination of relevant sentencing conduct.

### III

We vacate the sentence because the district court misapplied the Guidelines. We remand for resentencing and ask that the court make express findings as to Navarro's culpability, under Guideline 1B1.3, for each transaction affecting his offense level. The court may also choose to order a new presentence report and allow the parties to respond to it.

VACATED AND REMANDED.