988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier PEREZ-RAMIREZ, Defendant-Appellant.
 No. 92-30054.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CR-91-2136-01-AAM: Alan A. McDonald, District Judge, Presiding.
 E.D.Wash.
 VACATED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Perez-Ramirez appeals his 78-month sentence under the United States Sentencing Guidelines following entry of a guilty plea to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Perez-Ramirez contends that the district court erroneously calculated his base offense level pursuant to U.S.S.G. § 2D1.4(a) by attributing to him as relevant conduct negotiations for a sale of cocaine without sufficient evidence or factual findings. We have jurisdiction under 28 U.S.C. § 1291 and we vacate and remand for resentencing.
 
 
 3
 We review a district court's application of the Sentencing Guidelines de novo. United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992); United States v. Chavez-Gutierrez, 961 F.2d 1476, 1479 (9th Cir.1992). We review its factual determinations for clear error. United States v. Sanchez, 967 F.2d 1383, 1384 (9th Cir.1992).
 
 
 4
 The relevant version of section 2D1.4 provided that for a defendant convicted of a drug conspiracy "the offense level shall be the same as if the object of the conspiracy ... had been completed." U.S.S.G. § 2D1.4(a) (Nov. 1, 1991).[1] The commentary instructed the district court to calculate the quantity of drugs involved in the conspiracy by including amounts under negotiation in uncompleted distributions, and also directed the court to Application Note 1 to U.S.S.G. § 1B1.3 regarding relevant conduct. Id., comment. (n. 1). This latter provision set limits to the conduct of others for which a defendant could be held accountable, including only conduct "in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment. (n. 2); see United States v. Conkins, No. 91-10306, slip op. 1287, 1302 (Feb. 18, 1993); Navarro, 979 F.2d at 788.
 
 
 5
 For purposes of sentencing under these sections, the fact that a defendant has been convicted for conspiracy does not necessarily render him accountable for all of the drugs distributed by his co-conspirators. Navarro, 979 F.2d at 788-89; see United States v. Johnson, 956 F.2d 894, 906-07 (9th Cir.1992) (district court erred by sentencing on basis of co-conspirators' drug sales following defendant's incarceration, though she had not withdrawn from conspiracy). Rather, to sentence a defendant on the basis of all the drugs sold, the district court must find that the government has proved by a preponderance of the evidence his culpability with respect to each transaction. Conkins, No. 91-10306, slip op. at 1302-03; Navarro, 979 F.2d at 788.
 
 
 6
 A district court may adopt the factual findings of the PSR, but may not rely on conclusory statements unsupported by facts. Navarro, 979 F.2d at 789 (district court erred by relying on PSR recommendation to base defendant's offense level on drug quantities sold by co-conspirators absent evidence that he participated in conspiracy after initial sale); Chavez-Gutierrez, 961 F.2d at 1479-81 (same conclusion where no evidence in PSR established that defendant participated in conspiracy prior to a certain date). A district court's failure to make factual determinations of relevant conduct pursuant to sections 2D1.4(a) and 1B1.3 requires remand. See Conkins, No. 91-10306, slip op. at 1302-03 (remand to determine whether large number of transactions was reasonably foreseeable to defendants who claimed involvement in no more than three or four deals); United States v. Turner, 898 F.2d 705, 712-13 (9th Cir.) (remand to determine whether defendant's drug sales occurred in furtherance of the conspiracy for which he was convicted), cert. denied, 495 U.S. 962 (1990).
 
 
 7
 Perez-Ramirez contends that the government failed to prove and the district court failed to find that his relevant conduct included the negotiation for a sale of two kilograms of cocaine by his co-conspirator, Enrique Romero Zarate. He argues that he should not be sentenced on the basis of Zarate's conduct because it was not reasonably foreseeable or in furtherance of the conspiracy for which he was convicted.
 
 
 8
 Perez-Ramirez pled guilty to a superseding information which alleged conspiracy to distribute an unspecified amount of cocaine and cited three overt acts of distribution by him and Zarate on the 14th, 17th and 24th of May, 1991. These sales involved a total of 165.8 grams of cocaine. The PSR initially concluded that Perez-Ramirez's base offense level should reflect Zarate's negotiations for an additional two kilograms based on (1) a confidential informant's statement that Perez-Ramirez had commented during the third sale that the cocaine was "right off the brick" and (2) a drug task force agent's sworn statement indicating that on May 27, 1991, the confidential informant told him that Zarate had told the informant that Perez-Ramirez was interested in discussing a two-kilogram transaction.[2] Perez-Ramirez objected to the inclusion of the negotiated amount for calculation of his offense level. A subsequent addendum to the PSR continued to recommend that it be included, but concluded that it would be necessary to rely on the government and its witnesses "to shed further light on whether Mr. Perez was actively involved in the conspiracy which involved the negotiated amount of cocaine."
 
 
 9
 At the sentencing hearing, Perez-Ramirez argued that the two-kilogram negotiation was not reasonably foreseeable. The government did not offer any evidence, testimony or argument. The district court then held that Perez-Ramirez was liable for the two-kilogram negotiation under general principles of conspiracy law because he had not affirmatively withdrawn from the conspiracy by May 27, 1991. In its sentencing order, the district court stated as its reason for the sentence that it was adopting the factual findings and guideline recommendation of the PSR.
 
 
 10
 The district court sentenced Perez-Ramirez for the 2-kilogram negotiation by relying on general principles of conspiracy law, rather than by making the necessary factual determinations pursuant to sections 2D1.4(a) and 1B1.3. See Navarro, 979 F.2d at 788-89; Johnson, 956 F.2d at 906-07. The district court may not adopt the PSR's recommendation that Perez-Ramirez's offense level be based on the two kilograms where the PSR itself declined to make the factual determination that he was involved in the negotiation. See Navarro, 979 F.2d at 789; Chavez-Gutierrez, 961 F.2d at 1479-81. To sentence Perez-Ramirez for the additional amount, therefore, the district court must find that evidence offered by the government proves by a preponderance Perez-Ramirez's culpability. See Conkins, No. 91-10306, slip op. at 1302-03; Navarro, 979 F.2d at 788. Accordingly, we remand to the district court for an evidentiary hearing to determine whether the two-kilogram negotiation was reasonably foreseeable by Perez-Ramirez and conducted in furtherance of his conspiracy with Zarate. See U.S.S.G. §§ 1B1.3, comment. (n. 1), 2D1.4(a) and comment. (n. 1); see, e.g., Conkins, No. 91-10306, slip op. at 1302-03; Navarro, 979 F.2d at 788-89.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2D1.4 was deleted by consolidation with the guidelines applicable to the underlying substantive offenses effective November 1, 1992. See U.S.S.G.App.C, amend. 447 (1992)
 
 
 [2]
 The PSR found that Zarate also negotiated with the confidential informant for this larger transaction shortly after the first sale involving Perez-Ramirez. The negotiations were apparently discontinued, and Perez-Ramirez and Zarate were arrested in early August, 1991