999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Frank NUCCIO, Defendant-Appellant.
 No. 92-10655.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Frank Nuccio appeals his conviction and 63-month sentence, imposed following a guilty plea, for conspiracy to possess lysergic acid diethylamide (LSD) with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846. Pursuant to Anders v. California, 386 U.S. 738 (1967), Nuccio's counsel filed a motion to withdraw as counsel of record and submitted a brief which identified four possible issues for our review: (1) whether the district court erred by ordering him participate in drug and alcohol counseling as conditions of supervised release because there was no evidence that he used drugs or alcohol; (2) whether the district court erred by failing to advise him of such supervised release conditions when he entered his guilty plea; (3) whether the district court erred by imposing a "special assessment" because he has no assets or income; and (4) whether he received ineffective assistance of counsel during the sentencing proceedings. We have jurisdiction under 28 U.S.C. § 1291. We grant counsel's motion to withdraw as counsel of record and affirm the district court's judgment.[1]
 
 1. Supervised Release Conditions
 
 3
 The district court has broad discretion in setting supervised release conditions. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). The presentence report (PSR) indicated that Nuccio was under the influence of LSD during the instant offenses. Nuccio did not submit written objections to the PSR or orally object at sentencing to this factual finding. Because the district court is free to adopt the factual findings of the PSR, see United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992), the substance abuse counseling was not outside the district court's broad discretion, see Bolinger, 940 F.2d at 478; see also 18 U.S.C. 3553(a)(1). Additionally, at the plea hearing, the district court advised Nuccio that he would be subject to a term of supervised release and additional incarceration for any violations of his release. Nothing more is required. See Fed.R.Crim.P. 11(c)(1).
 
 2. Special Assessment
 
 4
 The PSR contained a recommendation that a special assessment fee of $50 be imposed as part of the sentence. Because Nuccio did not challenge the imposition of this fee before the district court, we deem the issue waived and decline to address it. See Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 3. Ineffective Assistance of Counsel
 
 5
 Generally, we do not review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case here. Former defense counsel has not been afforded the opportunity to explain his decisions. See id. Accordingly, counsel's motion to withdraw as counsel of record is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review