17 F.3d 397
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio ESPINOSA-PEREZ, Defendant-Appellant.
 No. 93-30183.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Espinosa-Perez appeals his 57-month sentence under the United States Sentencing Guidelines following his guilty plea to two counts of distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Espinosa-Perez contends the district court erred by finding him accountable for a kilogram of cocaine provided to an undercover police officer by a codefendant, pursuant to U.S.S.G. Sec. 1B1.3 (Relevant Conduct). We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse.
 
 
 3
 We review de novo a district court's interpretation and application of the Sentencing Guidelines, and uphold its factual findings unless clearly erroneous. United States v. Conkins, 987 F.2d 564, 571 (9th Cir.), amended, No. 91-10306, slip op. (Feb. 18, 1993).
 
 
 4
 Under the Guidelines, where a defendant has participated in jointly undertaken criminal activity, he is accountable for the conduct of others that was both in furtherance of the jointly undertaken criminal activity and reasonably foreseeable by the defendant. U.S.S.G. Sec. 1B1.3(a)(1)(B); U.S.S.G. Sec. 1B1.3, comment. (n. 2). Where a defendant has been convicted of distributing drugs, the quantity of drugs he may be held accountable for may include drugs distributed by others if they were part of the same course of conduct or a common scheme or plan. U.S.S.G. Sec. 1B1.2(b); United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992). "To use an offense for which the defendant was not convicted in determining the base offense level under Sec. 1B1.3(a)(2), the government must prove by a preponderance that either (1) the defendant personally participated in the offense or (2) the offense was in furtherance ... of a 'jointly undertaken criminal activity that was reasonably foreseeable by the defendant.' " United States v. Navarro, 979 F.2d 786, 789, n. 1 (9th Cir.1992). However, the district court must make an express finding that the defendant is accountable for each transaction that affects his sentence. See Conkins, 987 F.2d at 572-73; Navarro, 979 F.2d at 789.
 
 
 5
 Here, the presentence report indicated that Espinosa-Perez helped to arrange the purchase of a kilogram of cocaine by undercover police officer Nelson from Espinosa-Perez's supplier and codefendant, Cristobal Lopez, by acting as an intermediary and negotiating the price. Espinosa-Perez did not dispute this information, and at the sentencing hearing, he testified that he put Nelson in contact with Lopez "because he's the one that ... had the ... stuff." This undisputed evidence of Espinosa-Perez's participation in the one-kilogram transaction is sufficient to support a finding that the one-kilogram transaction constitutes relevant conduct for which he is accountable pursuant to U.S.S.G. Sec. 1B1.3. Cf. id. at 788-89 (remanding for resentencing where uncontroverted evidence showed that defendant was not involved in conspiracy after one initial sale).
 
 
 6
 Espinosa-Perez also contends, however, that the district court's finding on relevant conduct was insufficiently specific. We agree. The presentence report included the kilogram of cocaine in the amount of drugs used to calculate Espinosa-Perez's base offense level, but made no express recommendation regarding relevant conduct. The district court adopted the findings and conclusions of the presentence report with respect to the calculation of the base offense level, but failed to make an express finding that Espinosa-Perez is accountable for the one-kilogram transaction.[1] Thus, the court failed to make an adequate finding that Espinosa-Perez is accountable for the transaction involving a kilogram of cocaine. See Navarro, 979 F.2d at 789.
 
 
 7
 Accordingly, we VACATE the sentence and REMAND for the court to make an express finding regarding relevant conduct.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit excEspinosa-Perez as provided by 9th Cir.R. 36-3
 
 
 [1]
 After hearing argument on the issue of relevant conduct at the sentencing hearing the district court stated: "I find that the appropriate base offense level is 26." In its written findings, in response to Espinosa-Perez's objection to the report's calculation of his base offense level, the court merely stated: "The court finds the PSR is correct."