35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey RITMAN, Defendant-Appellant.
 No. 94-10069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Ritman appeals his 60-month sentence imposed following entry of his guilty plea to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. Secs. 846, 841(a)(1). Ritman contends the district court erred by holding him accountable for an entire 348-pound truckload of marijuana seized by the authorities, and that he should be held accountable only for 40 pounds. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo a district court's interpretation and application of the Sentencing Guidelines, and its underlying factual findings for clear error. United States v. Becerra, 992 F.2d 960, 966 (9th Cir.1993). Under the Guidelines, a conspirator may be sentenced "only for the quantity of drugs that he reasonably foresaw would be distributed or that fell within the scope of his own agreement with his coconspirators." Id.; see also United States v. Petty, 992 F.2d 887, 890 (9th Cir.1993), cert. denied, 114 S.Ct. 683 (1994); U.S.S.G. Sec. 1B1.3. A defendant who pools his resources and profits with other drug dealers thereby engages in jointly undertaken criminal activity and is accountable for quantities of drugs sold by the other dealers during the course of his joint undertaking with them. United States v. Valencia, 15 F.3d 149, 152 (9th Cir.) (per curiam), cert. denied, 114 S.Ct. 2176 (1994); U.S.S.G. Sec. 1B1.3, comment. (n. 2, illust. (c)(6) (1993)). The government bears the burden of proving, by a preponderance of the evidence, "any fact necessary to establish the base offense level." United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992).
 
 
 4
 Here, Ritman entered into an agreement with a confidential informant to send 40 pounds of marijuana to New York and to split the profits from its sale. The informant agreed to obtain the marijuana and Ritman agreed to arrange for its transportation and sale. Ritman contacted Irving Schwartz, who agreed to send two hundred pounds in the same shipment and to pay for the transportation costs. Government agents arrested the two drivers as they were preparing to depart for New York with a load of 348 pounds of marijuana, which included the 40 pounds Ritman had obtained from the confidential informant. At sentencing, Ritman argued that he had simply "hitchhiked" his 40 pounds of marijuana with the larger load and therefore, the larger transaction was beyond the scope of his agreement with his coconspirators. The district court found that:
 
 
 5
 Mr. Ritman's complicity, as well as his plea with regard to the conspiracy, is such that the entire amount should be considered; and [ ] the probation officer's analysis on that question is correct.
 
 
 6
 Ritman conceded before sentencing that he knew that the 40 pounds of marijuana in which he claimed an interest would be part of a larger load sent to New York for distribution. The evidence summarized in the presentence report demonstrates that transportation of the larger load of marijuana for the purpose of distributing it was a jointly undertaken criminal activity in which Ritman participated. Accordingly, the district court did not clearly err by concluding that Ritman's complicity extended to the entire 348-pound load of marijuana. See Valencia, 15 F.3d at 152; Petty, 992 F.2d at 890-91; U.S.S.G. Sec. 1B1.3, comment. (n. 2, illust. (c)(6)).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3