39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Matthew Paul CHAPMAN, Defendant-Appellant.
 No. 93-10377.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1994.*
Decided Nov. 8, 1994.
 
 1
 Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Chapman appeals his judgment of conviction and sentence of 60 months imprisonment entered pursuant to a guilty plea to conspiracy to manufacture marijuana in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He contends that the district court lacked jurisdiction over his case because the grand jury failed to return the indictment in open court. He also challenges the district court's denial of his motion to suppress an inculpatory statement he made to Park Rangers prior to his arrest. With regard to his sentence, Chapman argues that the court erred in setting his offense level based on the 250 marijuana plants ultimately recovered by the authorities. He also argues that the plant-to-weight equivalency formula at U.S.S.G. Sec. 2D1.1(c) is violative of due process. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 
 4
 * Chapman contends that the return of the indictment to the presiding magistrate at a closed court session deprived the district court of jurisdiction over this criminal case. Federal Rule of Criminal Procedure 6(f) states that "[t]he indictment shall be returned by the grand jury to a federal magistrate judge in open court." Chapman argues that the "open court" requirement specifically means that the indictment must be returned during a public court session and that noncompliance with this requirement is jurisdictional error. We find that Chapman has waived his right to appellate review of any defects in the grand jury proceeding.
 
 
 5
 By voluntarily pleading guilty to the count charged in the indictment, Chapman waived all but jurisdictional claims of error arising before the plea. United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989). We have defined jurisdictional claims as constitutional claims that go "to the very power of the State to bring the defendant into court...." Montilla, 870 F.2d at 552 (quoting Blackledge v. Perry, 417 U.S. 21, 30 (1974)). These claims include allegations that "the applicable statute is unconstitutional or that the indictment fails to state an offense." Id.
 
 
 6
 Chapman's claim is not a jurisdictional claim of error. Chapman objects to a procedural defect in the issuance of the grand jury indictment. His claim does not go to the very power of the State to hale him into court. See id. We conclude that Chapman waived his claim of error in the return of the indictment.
 
 II
 
 7
 Chapman also contends that the district court erred in denying his motion to suppress the admission he made in response to Ranger Figueroa's question regarding his possession of marijuana. Relying primarily on United States v. Bekowies, 432 F.2d 8 (9th Cir.1970), he argues that his unwarned admission was made in the course of "custodial interrogation" and was thus inadmissible under Miranda v. Arizona, 384 U.S. 436 (1966).
 
 
 8
 We review de novo the denial of a motion to suppress. United States v. Homick, 964 F.2d 899, 903 (9th Cir.1992). Whether a person is in "custody" for purposes of Miranda is essentially a question of fact reviewed for clear error. Cf. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1046 (9th Cir.1990). We employ an objective standard to determine whether a reasonable person in the interviewee's position would consider himself or herself free to leave. Bekowies, 432 F.2d at 12.
 
 
 9
 Even accepting Chapman's version of the relevant events, we agree with the district court's conclusion that Chapman was not "in custody" during his encounter with the Park Rangers at the bridge until the time he admitted that there was marijuana in the bag he had been seen carrying. We find especially significant that Chapman initially approached the Rangers, who were already at the bridge, of his own accord and readily answered their general questions concerning his activities in the area. The interview occurred out in the open. The Rangers did not, moreover, confront Chapman with evidence of his guilt. See United States v. Lee, 699 F.2d 466, 468 (9th Cir.1982). Indeed, the Rangers could not have done so, as they had no evidence of guilt within their possession until Chapman revealed that he had been carrying marijuana.
 
 
 10
 Whether the Rangers suspected Chapman of being a poacher or a marijuana grower at the time of the interview is irrelevant, as is Ranger Gushue's subjective impression that he may have given pursuit had Chapman chosen to flee. See Stansbury v. California, 114 S.Ct. 1526, 1529-30 (1994). Despite their suspicions, the Rangers had no objective basis upon which to detain Chapman for longer than a brief investigatory stop. A reasonable person in Chapman's position would have considered himself free to leave up until the time he admitted that the bags he had been carrying contained marijuana.
 
 III
 
 11
 Chapman contends that the district court erroneously determined his base offense level. Relying on United States v. Conkins, 9 F.3d 1377, 1386-87, (9th Cir.1993), as amended, 93 D.A.R. 16669 (9th Cir.1993), he argues that the court neglected to make required findings, under U.S.S.G. Sec. 1B1.3(a)(1)(B), comment. n. 1, as to whether the 250 marijuana plants ultimately recovered constituted relevant conduct fairly attributable to Chapman's role in the conspiracy. He also argues that the court erroneously relied on the PSR for the finding that 250 plants were recovered. Finally, Chapman contends that the application of the marijuana plant-to-weight equivalency formula at Sec. 2D1.1(c) is violative of due process.
 
 
 12
 We review for clear error the court's findings relating to sentencing. United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991). We review de novo the constitutionality of the Guidelines. United States v. Brady, 895 F.2d 538, 539 (9th Cir.1990). The sentencing court applies a preponderance of the evidence standard to determine relevant sentencing facts. United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992).
 
 
 13
 Chapman's reliance on Conkins is misplaced. We determined in Conkins that Sec. 1B1.3(a)(1)(B) requires the sentencing court to make findings with respect to the conduct chargeable to each defendant in a conspiracy when the evidence demonstrates that the documented scope of a defendant's involvement is narrower than the conduct involved in the entire conspiracy. 9 F.3d at 1386-87. We reasoned that such findings were necessary so as to hold a conspirator responsible only for the relevant conduct within the scope of the defendant's agreement that was reasonably foreseeable in connection with the criminal activity the defendant agreed to undertake jointly. Id. at 1386. In a written statement included in the PSR, Chapman admitted that he and his co-conspirator, Oei, were joint participants in all phases of cultivating the marijuana garden. Chapman never intimated that Oei or anyone else increased the yield of the garden without Chapman's consent. Under these circumstances, Conkins is wholly inapposite. Chapman's admission in the PSR established that his relevant conduct encompassed the entire conspiracy involving 250 marijuana plants.
 
 
 14
 We also reject Chapman's contention that the preponderance of the evidence did not support the district court's finding that 250 marijuana plants were recovered from the marijuana garden. The sentencing transcript indicates that Chapman's counsel conceded, and that Chapman never contested, that 250 plants were recovered. Chapman argued only that the 250 plants did not reflect his true degree of culpability and sought a downward departure on this basis. The district court properly rejected this line of reasoning and set Chapman's offense level on the basis of the number of plants concededly seized.
 
 
 15
 Finally, we necessarily reject Chapman's challenge to the constitutionality of U.S.S.G. Sec. 2D1.1(c). We have previously determined that the marijuana plant-to-weight equivalency formula has a rational basis. See United States v. Belden, 957 F.2d 671, 675-76 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3