108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe Bert HUNT, Defendant-Appellant.
 No. 96-10181.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided March 14, 1997.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Joe Bert Hunt appeals his conviction and sentencing following a jury trial of conspiring to defraud the government in violation of 18 U.S.C. § 371, and four counts of making false statements in documents submitted to the government in violation 18 U.S.C. § 1001. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 Conspiracy
 
 4
 Count One of the indictment alleges that Hunt and DeSanti conspired to defraud the government by agreeing to provide an appraisal on the Iron County Utah property that was based on "a subjective dollar amount they agreed upon," rather than upon accepted appraisal standards. Hunt's contention that there was insufficient evidence to support his conspiracy conviction lacks merit.
 
 
 5
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Zuno-Arce, 44 F.3d 1420, 1424 (9th Cir.1993). Conspiracy is established when there is an agreement to accomplish an illegal objective, coupled with one or more overt acts in furtherance of the illegal purpose. See United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987). Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction. See United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.1989).
 
 
 6
 Here, the evidence established that Hunt faxed a draft appraisal of the Iron County property to DeSanti, and that DeSanti amended the fax by changing some of the wording and the value of the property. The evidence also established that Hunt's final certified appraisal reflected the changes made by DeSanti. In addition, DeSanti's business notes indicated that DeSanti spoke to Hunt regarding the Iron County property, and Patricia Price, DeSanti's secretary, testified that DeSanti and Hunt regularly "talked back and forth" during the appraisal process. Price further testified that Hunt did not actually visit the Iron County property. On this evidence, a reasonable jury could conclude that Hunt and DeSanti conspired to defraud the government by submitting an appraisal based upon a subjectively predetermined amount rather than upon accepted appraisal standards. See Zuno-Arce, 44 F.3d at 1424.
 
 False Statements
 
 7
 Hunt was convicted on Counts Two and Four of the indictment which alleged that he falsely certified that he personally examined the Iron County, Utah property. Hunt contends that the evidence supporting this conviction was insufficient. This contention lacks merit.
 
 
 8
 Here, Hunt signed a statement certifying that he personally examined property in Iron County, Utah. At trial agent Moody, a government investigator, testified that Hunt admitted in an interview that he had never visited the property. In addition, Price testified that she sent information relating to the Iron Mountain property to Hunt "because Joe had not visited the property." Based on this evidence, a reasonable jury could conclude that Hunt falsely certified that he personally examined the Iron County property. See United States v. Edmonds, 103 F.3d 822, 825 (9th Cir.1996).
 
 
 9
 Hunt was also convicted on Count Three of the indictment, which alleged that he falsely certified that he personally examined property at Canyon Del Rio, New Mexico. Hunt contends that this conviction cannot stand because the government did not establish the corpus delicti for this crime. This contention lacks merit.
 
 
 10
 It is well established that a defendant's confession requires independent corroborating evidence in order to serve as a basis for a conviction. See United States v. Lopez-Alvarez, 970 F.2d 583, 589 (9th Cir.1992). To meet the corroboration requirement, the government must introduce evidence to establish that the criminal conduct at the core of the offense has occurred, and independent evidence tending to establish the trustworthiness of the admissions. Id. at 592.
 
 
 11
 Here, Hunt admitted to Agent Moody that he did not go to Canyon Del Rio, New Mexico, to examine the property, contrary to his certification in the appraisal that he did visit the property. Price's testimony corroborated Hunt's admission. In her testimony Price discussed a number of properties, including the Canyon Del Rio property, and stated that DeSanti told her that Hunt was not visiting the properties. Although she did not specifically state that Hunt did not visit Canyon Del Rio, a reasonable jury could conclude that Hunt did not visit any of the properties. Accordingly, we affirm Hunt's conviction on Count Three of the indictment. See id.
 
 
 12
 Hunt was also convicted on Count Five of the indictment which alleged that he overvalued land located in Holbrook, Arizona. Hunt's contention that this conviction cannot stand because the district court improperly admitted the testimony of the tax assessor, the owner of the Holbrook property, and the government's expert witness is without merit. The testimony of these witnesses was relevant to establish the value of the Holbrook property. Accordingly, the district court did not abuse its discretion by admitting this testimony. See United States v. Dischner, 974 F.2d 1502, 1521 (9th Cir.1992).
 
 
 13
 In addition, a reasonable jury could have found that, based on the testimonial evidence concerning the value of the property provided by the government's witnesses, that Hunt overvalued the Holbrook property. Accordingly, we reject Hunt's contention that the evidence was insufficient to show that the appraised value of the property was false. See Edmonds, 103 F.3d at 825.
 
 Exclusion of DeSanti's Hearsay Statement
 
 14
 Hunt contends that the district court erred by excluding DeSanti's out-of-court statements because they were not against his penal interest. This contention lacks merit.
 
 
 15
 The district court's decision to exclude evidence under the hearsay rule is reviewed for abuse of discretion. See United States v. Matta-Ballesteros, 71 F.3d 754, 767 (9th Cir.1995), as amended, 98 F.3d 1100 (9th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3489 (U.S. Jan. 6, 1997) (No. 96-1073). A statement is admissible as a declaration against interest if the declarant is unavailable, and at the time it is made the statement exposes the declarant to civil or criminal liability. See Fed.R.Evid. 804(b)(3). If the statement exposes the declarant to criminal liability and is offered to exculpate the defendant, it must be corroborated by circumstances indicating its trustworthiness. Id.
 
 
 16
 At trial, Hunt attempted to introduce the out-of-court statements DeSanti made to Hunt's investigators. Hunt, however, pointed only to vague or ambiguous statements, such as "No Fraud. No conspiracy. This was all my idea," which would not subject DeSanti to criminal liability. Moreover, Hunt offered no evidence corroborating the trustworthiness of DeSanti's statements. Because Hunt failed to demonstrate that DeSanti's statements would subject DeSanti to criminal liability, the district court did not err by excluding DeSanti's out-of-court statements. See United States v. Fowlie, 24 F.3d 1059, 1068 (9th Cir.1994) (hearsay statements not admissible as a declaration against interest or under the catch-all exception to the hearsay rule).
 
 
 17
 In addition, Hunt's contention that the exclusion of DeSanti's statements violated his right to due process, Chambers v. Mississippi, 410 U.S. 254 (1973) lacks merit. In Chambers, the statements were made under circumstances that assured their trustworthiness. Id. at 300. Unlike the hearsay statements in Chambers, DeSanti's statements do not bear any of the badges of trustworthiness. His statements were not corroborated by any other evidence in the case, the statements were not against DeSanti's penal interest, and they were made to Hunt's investigator more than two years after the alleged conspiracy. Accordingly, the district court properly concluded that the exclusion of DeSanti's hearsay statements did not violate Hunt's due process rights. See Fowlie, 24 F.3d at 1069.
 
 
 18
 Finally, Hunt's contention that DeSanti should have been granted use immunity because the prosecution granted similar immunity to Price is without merit. Generally, the defense cannot compel the government to grant use immunity to a witness. See United States v. Baker, 10 F.3d 1375, 1414 (9th Cir.1993). In addition, Price's testimony did not directly contradict the proposed testimony of DeSanti. Accordingly, the district court properly refused to order the government to grant use immunity to DeSanti. Id.
 
 Sentencing Issues
 
 19
 Hunt contends that the district court misapplied U.S.S.G. § 1B1.3 by failing to make express findings regarding Hunt's role in the conspiracy and the foreseeability of DeSanti's conduct. This contention lacks merit.
 
 
 20
 We review de novo the application and interpretation of the sentencing guidelines, and we review the district court's findings of fact for clear error. See United States v. Conkins, 9 F.3d 1377, 1384 (9th Cir.1993).
 
 
 21
 U.S.S.G. § 1B1.3 requires a court to make express factual findings regarding the relevant conduct for which the defendant was sentenced. See United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992). The court may fulfill this requirement by adopting the presentence report. Id. Here, the court expressly adopted the presentence report at the sentencing hearing. Accordingly, the court correctly applied U.S.S.G. § 1B1.3. See id.
 
 
 22
 Hunt also contends that the government suffered no loss as the result of his conduct, and therefore, the court erred by including losses in the calculation of his base offense level. This contention also lacks merit.
 
 
 23
 U.S.S.G. § 2F1.1 requires the sentencing court to take into account the cumulative loss produced by a common scheme or course of conduct. See United States v. Niven, 952 F.2d 289, 291 (9th Cir.1991) (per curiam). "The amount of the loss need not be precise ... The court need only make a reasonable estimate of the range of the loss, given the available circumstances." Id.
 
 
 24
 Here, agent Arsenault testified that the Navy rejected two of the lowest bids on certain Navy contracts because they could not substantiate Hunt's appraisal of the value of the property securing those bids. Agent Arsenault further testified that, because these bids were rejected, the Navy contracted with the next highest bidder. The evidence established that the next highest bidder was $121,000 more than the bids which were rejected because of Hunt's appraisals. Because the Navy paid $121,000 more than it would have but for Hunt's appraisal, the district court did not err by using this amount to calculate Hunt's base offense level. See Conkins, 9 F.3d at 1384.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3