**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cosme TEJEDA–CIENFUEGOS,
Defendant–Appellant.**

No. 02–30103.
D.C. No. CR–00–00176–JAR.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Cosme Tejeda–Cienfuegos appeals the 97–month sentence imposed after his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

guilty plea to one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and criminal forfeiture, in violation of 21 U.S.C. § 853. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

■ The district court did not make any specific findings of fact when it attributed over one kilogram of heroin to Tejeda–Cienfuegos under the relevant conduct provision of the Sentencing Guidelines, U.S.S.G. § 1B1.3. Instead, the district court relied solely on the findings of the presentence report. However, the facts set forth in the presentence report were insufficient to support the conclusion that all of the drug seizures were attributable to Tejeda–Cienfuegos under the relevant conduct provision.

While a district court may adopt the factual findings of the presentence report, it may not adopt statements from the presentence report that are conclusory or unsupported by the facts or the Sentencing Guidelines. *See United States v. Navarro,* 979 F.2d 786, 789 (9th Cir.1992) (remanding for resentencing where the district court failed to make express factual findings to support its use of total drug sales in sentencing a coconspirator, and instead relied on presentence report's unsupported conclusions as to relevant conduct); *see also United States v. Chavez–Gutierrez,* 961 F.2d 1476, 1480–81 (9th Cir.1992) (remanding because district court adopted presentence report that lacked factual support for its legal conclusion).

■ In finding that Tejeda–Cienfuegos was eligible for an aggravating role adjustment under U.S.S.G. § 3B1.1(c), the district court made no factual findings of its own and again relied solely upon the presentence report's vague and conclusory

relevant conduct findings. *See* U.S.S.G. Ch. 3, Pt. B, intro. comment. (noting that sentencing judge's determination of role in the offense is based on relevant conduct).

Accordingly, we vacate Tejeda–Cienfuego's sentence and remand with instructions for the district court to make express factual findings on (1) the quantity of drugs that were within the scope of Tejeda–Cienfuegos's agreement, or that were reasonably foreseeable in connection with the criminal activity that Tejeda–Cienfuegos agreed to jointly undertake, under U.S.S.G. § 1B1.3, and (2) Tejeda–Cienfuegos's eligibility for an aggravating role adjustment under U.S.S.G. § 3B1.1.

**VACATED AND REMANDED WITH INSTRUCTIONS.**