UNITED STATES of America,
Plaintiff—Appellee,

v.

Son Van LY, Defendant—Appellant.

No. 03–56686.

D.C. No. CV–03–00241–TJH,
CR–97–00512–TJH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided Dec. 20, 2004.

Son Van Ly, Lompoc, CA, pro se.

Jerald L. Brainin, Esq., Los Angeles, CA, for Defendant–Appellant.

Before REINHARDT, BEEZER, and WARDLAW, Circuit Judges.

MEMORANDUM *

Son Va Ly appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2255. He alleges ineffective assistance of counsel at the sentencing phase of his trial. We reverse the district court's denial and grant Ly's petition.

■ Ly's counsel was ineffective for failing to object to the sentencing judge's decision to adopt the unsupported loss figure quoted in the presentencing report, which the sentencing judge used as the basis for enhancing Ly's sentence pursuant to USSG § 2B3.1. It is well-established that "[t]he court ... may not ... adopt conclusory statements unsupported by the facts or the Guidelines." *United States v. Navarro*, 979 F.2d 786, 789 (9th Cir.1992) (internal citations omitted). Furthermore, "as with all factors which increase a defendant's offense level, the government is required to prove the approximate quantity." *United States v. August*, 86 F.3d 151, 154 (9th Cir.1996). The sentencing judge erred in adopting, without any factual basis therefor, the presentencing report's conclusion that $10 million was lost in the Centon robbery, especially because the presentencing report offered no factual

Andrea L. Russi, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

support for, or description of, how the figure was established. In light of that error, Ly's counsel was clearly ineffective for failing to object to, and appeal, the sentencing judge's loss figure.

■ Counsel was also ineffective for failing to urge the sentencing judge to apply a clear and convincing standard in finding the factual predicate underlying Ly's sentencing enhancements. At the time Ly was sentenced, we had held in *United States v. Hopper*, 177 F.3d 824 (9th Cir.1999), that " 'when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction,' the government may have to satisfy a 'clear and convincing' standard." *Id.* at 833 (quoting *United States v. Restrepo*, 946 F.2d 654, 659 (9th Cir.1991) (en banc)). The 13 levels of enhancements that Ly received more than doubled the length of his sentencing range. Furthermore, Ly received an enhancement for the loss attributed to the Centon robbery of which he was never convicted, and to which the charge was voluntarily withdrawn by the government. This, too, constituted a reason why counsel should have requested application of the stricter standard. Ly's counsel was therefore ineffective for failing to request that the sentencing judge find the factual predicate supporting these factors by applying a clear and convincing standard.

For the reasons set forth above, we grant Ly's habeas petition, vacate his sentence, and remand for resentencing.

Sentence Vacated; Remanded.