UNITED STATES of America, Plaintiff—Appellee,

v.

Michael D'Anthony DAVIS, Defendant—Appellant.

No. 03–50191.

D.C. No. CR–02–01240–GAF–1.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Oct. 17, 2005.

Decided Dec. 9, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Becky S. Walker, USLA—Office of The U.S. Attorney, Criminal Division, Los Angeles, CA, Sheri N. Pym, USR—Office of The U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before HUG, PREGERSON, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Michael D'Anthony Davis appeals his 57 month sentence for bank robbery and attempted bank robbery under 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

Davis argued that the court did not understand its discretion to depart based on his positive attitude and desire to redeem himself. We believe that the court understood perfectly its authority to depart downward for circumstances "outside the heartland" of the Sentencing Guidelines and conducted "the very inquiry" required by *Koons v. United States*, 518 U.S. 81,

116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). *See United States v. Davoudi*, 172 F.3d 1130, 1134 (9th Cir.1999).[1]

Davis also challenged the sufficiency of evidence showing that he was on probation on the date of the offenses in question. A district court's factual findings underlying sentencing decisions are reviewed for clear error. *United States v. Riley*, 335 F.3d 919, 925 (9th Cir.2003). We believe that the court clearly erred when it found that Davis was on probation at the time of his offense. A sentencing court may adopt factual findings included in a presentence report. *United States v. Navarro*, 979 F.2d 786, 789 (9th Cir.1992). It may not, however, "adopt conclusory statements unsupported by the facts or the Guidelines." *Id.* The Government presented no evidence showing that Davis was on probation any later than October 15, 2001. To bridge the gap between October 15, 2001 and June 18, 2002, the date of the instant offense, the court relied on a conclusory statement in the presentence report, which said that the probation officer had reviewed the juvenile record, found nothing showing revocation of probation, and therefore concluded that Davis "was still on probation at the time of the instant offense." Such a statement gives the court no basis to evaluate the reliability of the probation officer's conclusion or to make the independent factual determination required by the Guidelines. *See id.* Accordingly, we believe the court clearly erred when it found Davis was on probation and we remand for re-sentencing.

On remand, the District Court should begin its advisory Guidelines calculation at

---

1. Given that the Guidelines are now advisory, the district court may, of course, take such factors into account when it re-sentences Davis.

Criminal History Category I; the Government is foreclosed from providing additional evidence to bolster its previous showing on Davis's probationary status. *See United States v. Becerra,* 992 F.2d 960, 967 (9th Cir.1993) (remanding for resentencing without an additional opportunity to prove facts insufficiently proved at the original sentencing hearing).

REMANDED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.