**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gbenga Jerry Joseph OHONME,**
**Defendant–Appellant.**

No. 07–50049.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Dec. 4, 2008.

---

* The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Vince Farhat, Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth Newman, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Gbenga Jerry Joseph Ohonme, Lompoc, CA, pro se.

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before BRIGHT,* TROTT, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Gbenga Jerry Joseph Ohonme challenges his sentence of 51 months imprisonment for fraudulent use of an unauthorized access device and aggravated identity theft, imposed in United States District Court on December 13, 2006. Appellant argues the district court committed clear error in sentencing him to 51 months imprisonment because the government did not show by a preponderance of the evidence that he was responsible for a loss of $160,336.97. In arriving at this loss amount, the court relied primarily on the presentence report and the probation officer's comments during sentencing. The foundation for the officer's calculations had been provided to the appellant before the hearing.

In reaching a sentence, a district court may consider information " 'without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.' " *United States v. Berry,* 258 F.3d 971, 976 (9th Cir.2001) (quoting U.S.S.G. § 6A1.3(a)). This information must be accompanied by a minimal indicia of reliability. *Berry,* 258 F.3d at 976. While a district court may adopt the factual findings of the presentence report, it may not adopt conclusory statements unsupported by facts or by the Guidelines. *United States v. Navarro,* 979 F.2d 786, 789 (9th Cir. 1992).

Under the clearly erroneous standard, so long as "the district court's

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

finding is 'plausible in light of the record viewed in its entirety,' we may not reverse simply because we 'would have weighed the evidence differently.'" *United States v. Murdoch,* 98 F.3d 472, 476 (9th Cir. 1996) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Giving appropriate deference to the district court, a sufficient indicia of reliability existed in the presentence report to provide a reliable basis for the loss calculation the district court made. Thus, neither the district court's reliance on the presentence report nor the sentence imposed was clearly erroneous.

**AFFIRMED.**