**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KRISTA LITTLE HEAD,

Defendant - Appellant.

No. 13-30181

D.C. No. 1:12-cr-00099-SEH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 27, 2014[**]
Seattle, Washington

Before: NOONAN, GRABER, and CHRISTEN, Circuit Judges.

Krista Rae Little Head appeals the 125-month sentence imposed following

her guilty-plea conviction for conspiracy to possess methamphetamine with intent

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to distribute, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Relying heavily on *United States v. Navarro*, 979 F.2d 786 (9th Cir. 1992), Little Head argues that "[t]he district court erred in its interpretation of the relevant conduct guideline" because it considered 2.5 grams of methamphetamine from the third drug sale when calculating her base offense level. We "review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Lambert*, 498 F.3d 963, 966 (9th Cir. 2007) (internal quotation marks and brackets omitted).

Little Head pleaded guilty to a conspiracy to sell drugs spanning from November 2011 until January 2012. At her sentencing hearing, the district court found that Little Head was involved in a conspiracy spanning that time period, and that the third drug sale occurred during that time period. The court also adopted the factual findings contained in the Presentence Report (PSR). *See Navarro*, 979 F.2d at 789. Unlike the defendant in *Navarro*, Little Head admitted to participating

---

[1] Because the parties are familiar with the facts of the case, we will not recount them here.

2

in more than one drug transaction with Zamora. She was also directly involved in two sales between Zamora and the Confidential Informant (CI), was present when Zamora gave the CI his phone number during the second sale, and admitted to partying and using methamphetamine with Zamora after the initial two sales to the CI.

Quoting *United States v. Whitecotton*, 142 F.3d 1194, 1199 (9th Cir. 1998), Little Head argues that "'the drug sales would not have occurred but for [the defendant's] introduction is insufficient to establish that the subsequent sales were 'in furtherance of the jointly undertaken criminal activity.'" But in addition to introducing Zamora to the CI, Little Head admitted being involved in other drug sales for Zamora, and Little Head was present when Zamora gave the CI his telephone number so they could deal directly with each other. The third sale also occurred at the Heights Wal-Mart, where Little Head admitted to acting as a "middleman" for a deal for Zamora in early December 2011.

While Little Head contends that she was not aware of the third sale, the evidence and the district court's findings show that the third sale was foreseeable, that it was part of the criminal activity she jointly undertook with Zamora, and that Little Head did not withdraw from the conspiracy. *See United States v. Melvin*, 91 F.3d 1218, 1226–27 (9th Cir. 1996). The district court did not abuse its discretion

by including the third drug sale as relevant conduct when calculating Little Head's base offense level.

Little Head also argues that the district court erred by failing to examine her personal characteristics and that her sentence is substantively unreasonable. Substantive reasonableness is reviewed for abuse of discretion based on the totality of the circumstances. *United States v. Treadwell*, 593 F.3d 990, 1009 (9th Cir. 2010). Little Head's claim is not supported by the sentencing transcript, which demonstrates that the district court considered Little Head's personal characteristics and weighed the § 3553(a) factors before imposing a sentence within the applicable Guideline range. The district court did not abuse its discretion by sentencing Little Head to 125 months.

**AFFIRMED.**