131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto ESTRADA-BOMBELA, Defendant-Appelant.
United States of America, Plaintiff-Appellee,
v.
Jose Sigala-Lomeli, Defendant-Appellant.
 Nos. 96-50170, 96-50380.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1997.**
Decided Nov. 18, 1997.
 
 Appeal from the United States District Court for the Central District of California Dickran M. Tevrizian, District Judge, Presiding.
 Before: BROWNING, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Humberto Estrada-Bombela and Jose Sigala-Lomeli were involved in methamphetamine trafficking crimes. See 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 846. They were arrested, prosecuted, convicted, and sentenced. They each appeal and each raises various contentions. We affirm.
 
 
 3
 1. Estrada.
 
 
 4
 (a) Estrada first asserts that the district court erred when it denied his claim that the prosecutor had improperly exercised a peremptory challenge against a prospective Hispanic juror. See Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We disagree. When the challenge was made, the prosecutor gave an explanation that was neutral on its face, and Estrada did not then assert that the reason was pretextual. He cannot now assert that it was. See United States v. Changco, 1 F.3d 837, 841-42 (9th Cir.1993). At any rate, Estrada could not have been prejudiced because the claim involved a prospective alternate juror, and no alternate juror participated in deliberations.
 
 
 5
 (b) Estrada next claims that the district court erred when it gave a standard agency instruction. See 1 Edward J. Devitt et al., Federal Jury Practice and Instructions § 18.03 (4th ed.1992). He says that the district court should have repeated in its instruction that the government's burden of persuasion was beyond a reasonable doubt. He did not object at trial on that ground, so we review for plain error. See United States v. Armstrong, 909 F.2d 1238, 1243-44 (9th Cir.1990). There was none. The instructions as a whole made it plain that the jury could not convict unless it found Estrada guilty beyond a reasonable doubt, and it is the whole that we examine. See id. at 1243. The district court did not need to insult the intelligence of the jury by repeating the same beyond a reasonable doubt phrase over and over again.
 
 
 6
 (c) Estrada finally claims that the verdict must be overturned because a box containing the methamphetamine in question was left on counsel table during argument. We disagree. Even if leaving the box there was unnecessary, it surely was not severe misconduct. Not every slight excess of the prosecutor leads to reversal. See United States v. Yarbrough, 852 F.2d 1522, 1539 (9th Cir.1988). Surely the jury had before it evidence aplenty that Estrada had engaged in methamphetamine trafficking, and its seeing the methamphetamine itself could not have deprived Estrada of a fair trial. Cf. United States v. Patel, 762 F.2d 784, 795 (9th Cir.1985).
 
 2. Sigala
 
 7
 (a) Sigala asserts that he was entitled to a new trial because he had discovered new evidence. See Fed.R.Crim.P. 33. For legal purposes, he discovered no such thing. All he came across was a report of a drug enforcement agent's interview with a co-defendant, which touched on matters that were collateral to the prosecution and that were before the jury anyway. But, he says, the government committed a Brady[1] violation when it did not disclose the report earlier. There was no violation. The interview material was not actually exculpatory of Sigala. See United States v. Manning, 56 F.3d 1188, 1198 (9th Cir.1995). Moreover, the information was not inconsistent with the government's theory of the case and, essentially, painted Sigala as a much more culpable person than he wanted the jury to think he was. See United States v. Amlani, 111 F.3d 705, 714 (9th Cir.1997). It showed him to be deeply involved in the methamphetamine conspiracy. To the extent it could have put the case in a new light, see Kyles v. Whitley, 514 U.S. 419, 435, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995), that light would have tended to illuminate Sigala's own dark secrets, rather than undermining confidence in the verdict. In short, this claim is a wallydrag.
 
 
 8
 (b) Sigala finally claims that he should not have had his offense score increased by two points because of possession of a firearm. See USSG § 2D1.1(b)(1).[2] Where a weapon is present, it is taken into account "unless it is clearly improbable that the weapon was connected with the offense." USSG 2D1.1(b)(1), comment. (n.3). Sigala did not, himself, have a gun. Thus, he could only be held responsible for the guns present at this transaction if it was reasonably foreseeable to him that they would be there. See USSG § 1B1.3(a)(1)(B). Their presence was reasonably foreseeable. Firearms are a recognized tool of the drug trade. See United States v. Ramos, 861 F.2d 228, 231 n. 3 (9th Cir.1988); United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.1988). In a transaction as large as this one--19 pounds of methamphetamine with a street value of at least $1,400,000--Sigala could reasonably foresee that his coconspirators would have weapons in tow, even if he was not personally packing a weapon. See United States v. Garcia, 909 F.2d 1346, 1350 (9th Cir.1990). Moreover, the district court said enough to demonstrate that it had considered all of the facts and was accepting the presentence report. See United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992); United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). Sigala's argument that he was a mere bystander was not accepted by the jury or the district court, and certainly need not be accepted by us. The district court did not err.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)
 
 
 [2]
 The November 1, 1995 version of the Guidelines was properly applied at sentencing